UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
02 APR 26 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, INC. ) ) ) Plaintiff, ) ) vs. ) ) NANCY TROUSDALE D/B/A ) NANCY'S TOURS, *et al.*, ) ) Defendants. ) | Civil Action No.: CV-01-S-1381-NW ENTERED APR 2 6 2002 |

## MEMORANDUM OPINION

This is a declaratory judgment action filed on behalf of Auto Owners Insurance Company ("Auto Owners") against defendants, as a result of certain underlying lawsuits filed against Nancy Trousdale, Jeff Trousdale, and Tracie Trousdale in the Circuit Court of Lauderdale County, Alabama ("the underlying lawsuits").

Auto Owners issued a homeowner's insurance policy to defendant Nancy Trousdale, policy number 969517 38064192, which was in force and effect from June 14, 1997 to June 14, 1998. The Auto Owners policy excludes coverage for, among other things, conduct not constituting an "occurrence," intentional torts, and claims arising out of the insured's business pursuits. The Auto Owner's policy also excludes coverage for claims against the named insured's relatives who do not reside with the named insured. Defendants Jeff Trousdale and Tracie Trousdale were not residing with defendant Nancy Trousdale during the policy period.

26

The underlying lawsuits include one filed by Cyrus Adams in the Circuit Court of Lauderdale County, Alabama, case number CV-99-43, against Nancy Trousdale d/b/a Nancy's Tours, Jeff Trousdale, Tracie Trousdale, and others. The complaint in that action was amended on April 16, 1999, to add several plaintiffs and defendants. A second underlying action was filed by Samuel U. Hardie, Jr. and Samuel U. Hardie, III, on March 8, 1999, in the Circuit Court of Lauderdale County, Alabama, case number CV-99-141, against Nancy Trousdale and others. Samuel U. Hardie, III, subsequently voluntarily dismissed his claims in that lawsuit with prejudice.

The allegations in the underlying lawsuits centered around an investment offering in a business venture. The complaints therein contained claims for fraud, conspiracy, breach of contract, conversion, negligence, reckless misrepresentations, mistaken representations, deceit, and claims for emotional distress and mental pain and anguish.

Plaintiff's position is that defendants are not entitled to coverage under Auto Owners' insurance policy for the claims and demands for damages that form the basis of the underlying lawsuits. Plaintiff maintains this position based upon the following: the fact that fraudulent activities are not included under the policy's definition of "occurrences"; intentional conduct is excluded under the policy; coverage is not afforded to relatives of the named insured who do not reside with the named insured; coverage is not afforded for claims concerning business pursuits of the insured; and, coverage for conspiracy, conversion, and breach of contract are not "occurrences" under the policy.

During the pretrial conference conducted in chambers on April 26, 2002, the parties stipulated that all of the activities forming the basis of the underlying lawsuits arose out of defendant Nancy Trousdale's business pursuits, and that all of such activities occurred at places other than the home insured by plaintiff. Accordingly, such business pursuits are not covered under the Auto Owners' insurance policy.

The parties also stipulated that, on the dates of the incidents forming the basis of the underlying lawsuits, neither defendant Jeff Trousdale nor defendant Tracie Trousdale resided in the home of defendant Nancy Trousdale: the premises insured by plaintiff.

For these reasons, the court concludes, on the basis of the parties' stipulations, that plaintiff does not have a duty to defend Nancy Trousdale, Jeff Trousdale, and/or Tracie Trousdale against allegations made against those defendants in the underlying lawsuits. The court further concludes, also on the basis of the parties' stipulations, that plaintiff does not have a duty to indemnify Nancy Trousdale, Jeff Trousdale, and/or Tracie Trousdale, in the event a judgment is returned against these defendants in any of the underlying lawsuits. Accordingly, the court concludes that there is no need to address the other claims of plaintiff and defendants herein, specifically the contention of defendant Samuel U. Hardie, Jr., that negligent and/or reckless misrepresentations of material facts by defendant Nancy Trousdale constitute "occurrences" and/or "accidents" under the terms of Auto Owners' policy made the subject matter of this lawsuit.

DONE this 26th day of April, 2002.

_____
United States District Judge

3